**UNITED STATES BANKRUTPCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

JERRY CAMPBELL,

      Debtor.

_____/

Chapter 11
Case No.

**DEBTOR'S CASE MANAGEMENT SUMMARY**

      JERRY CAMPBELL (the "**Debtor**"), by and through his undersigned counsel, and pursuant to Local Rule 2081-1 here by files his Chapter 11 Case Management Summary. The Debtor respectfully represents as follows:

**Description of Debtor's Business**

      Jerry Campbell is currently the Chairman, President and CEO of HomeBancorp, Inc. ("HomeBanc") headquartered in Tampa, Florida. Mr. Campbell has enjoyed a long and distinguished career in the bank industry, including founding Republic Bank, based in Michigan, which was sold to Citizens Bank in 2006. After the sale, Mr. Campbell relocated to Florida to build HomeBanc to the thriving bank it is today.

      In addition, Mr. Campbell and his wife, Felicia N. Campbell, jointly own as tenancy by the entireties several real estate investment properties and minority positions in several business investments.

**Location of Debtor's Operations and Whether Leased or Owned**

      As described above, Mr. Campbell is an executive with HomeBanc in Tampa, Florida. In addition, Mr. Campbell and his wife also jointly own as tenancy by the entireties, property located at 9000 Page Avenue, Jackson, MI 49201 and two additional farming/rental properties located on Hayball Road in Jackson, MI. Further, the Debtor and his wife also jointly own as

tenancy by the entireties a rental property in Clearwater, FL. The businesses in which Mr. Campbell and his wife hold minority interests in Michigan are not presently operating.

**Reasons for Filing Chapter 11**

Mr. Campbell's success in the banking industry afforded him the ability and contacts to make other business investments, including as a minority owner of Pinnacle Race Track in Michigan. As of 2007, there was no track open for Michigan thoroughbred horses to race. Mr. Campbell joined an individual named John Krasula in opening Pinnacle Race Track in 2008 with Mr. Krasula and Mr. Campbell as minority owners, Mr. Krasula later became a majority owner. In hindsight, the timing for the opening of the track could not have been worse because of the economy imploding to its lowest point in decades. In addition, the capital investment required to open and the limited racing days permitted by the State of Michigan created an insurmountable burden on the business.

Mr. Krasula and Mr. Campbell had guaranteed a bank mortgage loan for the race track. After the track closed and defaulted on the loan, both parties were working together to purchase the note from the bank. Even though there was a friendly creditor in place willing to purchase the loan and negotiate reasonable payment terms with Mr. Krasula and Mr. Campbell, Mr. Krasula advised Mr. Campbell that he had found someone "better" to purchase the note. Unbeknownst to Mr. Campbell, that person was Mr. Krasula. After the note purchase was finalized[1], Mr. Krasula filed a lawsuit in Michigan against Mr. Campbell for the collection of the entire note, even though he purchased it at a steep discount. Ultimately, a settlement was reached for $6 million in August 2011. In connection with the settlement, Mr. Campbell agreed to a form Consent Judgment. In the four years that have passed since the settlement, Mr. Campbell has made over 100 separate payments, totaling approximately $1.2 million to Mr.

---

[1] Mr. Krasula purchased the note through an LLC owned by him named Post Note LLC.

2

Krasula. At the end of four years in September 2015, the payments substantially ballooned up by approximately $29,500 per month. Mr. Campbell advised Mr. Krasula that the increased amount was beyond his capacity. Mr. Campbell owes over $4 million to unsecured creditors and owes over $2.6 million to secured creditors; excluding Mr. Krasula's claim.

Rather than work with Mr. Campbell who had clearly demonstrated his intent to pay the amount due under the settlement agreement, Mr. Krasula filed the Consent Judgment and began to aggressively execute on the judgment, including seeking garnishment of Mr. Campbell's wages and taking the depositions in aid of execution of both Mr. Campbell and his wife.

One of the catalysts for this bankruptcy filing was Mr. Krasula's relentless pursuit of Mr. Campbell for payment on the balance owed on the Consent Judgment instead of working with Mr. Campbell on a reasonable payment plan, including but not limited to, the motion to the Michigan State Court requesting that the court hold Mr. Campbell in contempt for alleged violations of a restraining order issued by the court. Although Mr. Campbell vehemently disputes the allegations and legal conclusions in the contempt motion which were stated in his response to the contempt motion, it is clear that the only path forward to resolving the dispute with Mr. Krasula and the substantial debt owed to other unsecured and secured creditors is a bankruptcy reorganization. Clearly the only way creditors will be paid is for Mr. Campbell to keep working with a manageable repayment plan that is binding on all of his creditors in place.

**List of Officers and Directors and their Salaries and Benefits at Time of Filing and During the 1 Year Prior to Filing**

The Debtor is an individual and has no officers, directors or employees.

**Debtor's Annual Gross Revenues**

The Debtor earned a salary of $472,500 in 2015 from his employment with HomeBanc and he also may receive a bonus. Additional income includes nominal net rental income and approximately $291,000 of a non recurring sale of stock.

**Amounts Owed to Various Classes of Creditors**

The Debtor has not filed his Schedules or Statement of Affairs, but estimates that the creditor body will be comprised of the following:

    a.    **Priority Creditors**

The Debtor does not believe there are priority claims.

    b.    **Identity of Secured Creditors Amounts Owed and Collateral**

Post Note LLC holds a secured claim in the approximate amount of $4,804,211 in connection with a recorded judgment against the Debtor. The debt is secured by 50% of the revenue from Mr. Campbell's interest in JLLJ Development LLC, Lansing Future Development II LLC, Lansing Future Development LLC and JLLJ Corp. Since the value of the security is nominal, most if not all of Post Note's claim is unsecured.

Bayview Mortgage holds a secured claim in the approximate amount of $578,039 in connection with a first mortgage on the Debtor's real property owed as tenancy by the entirety with his wife located at 202 Windward Passage, #508, Clearwater, FL 33767. Wells Fargo Home Mortgage holds a home equity line on this property in the approximate amount of $120,467.

Wells Fargo Home Mortgage holds a secured claim in the approximate amount of $695,187 in connection with a first mortgage and home equity line on the Debtor's residential real property owed as tenancy by the entirety with his wife located at 1180 Gulf Blvd., #1504, Clearwater, FL 33767.

Citizens One Home Loans holds a secured claim in the approximate amount of $656,371 in connection with a first mortgage and home equity line on the Debtor's real property owed as tenancy by the entirety with his wife located at 9000 Page Avenue, Jackson, MI.

Flagstar Bank holds a secured claim in the approximate amount of $279,047 in connection with a first mortgage on a portion of the Debtor's real property owed as tenancy by the entirety with his wife located at 1677 Hayball Road, Jackson, MI.

Ditech holds a secured claim in the approximate amount of $253,504 in connection with a first mortgage on a portion of the Debtor's real property owed as tenancy by the entirety with his wife located at 1740 Hayball Road, Jackson, MI.

Dana M. Cluckey holds a secured claim in the approximate amount of $144,000 in connection with a lien against 7,218 shares of the Debtor's HomeBanc Common Stock.

John Deere Financial holds a secured claim in the approximate amount of $13,057 in connection with a lien on a tractor.

### c.    Amount of Unsecured Claims

It is estimated that the Debtor owes over $4.0 million to other unsecured creditors, which consists of commercial loans, credit cards, personal loans, legal fees and personal guaranties of business debt.

The Debtor leases his vehicle through Ally Bank.

## General Description and Approximate Value of Current and Fixed Assets

As stated above, the Debtor has not filed his Schedules and Statement of Financial Affairs as of the Petition Date and is still in the process of gathering information regarding values.

### a.    Real Estate

Substantially all of the real estate interests that Mr. Campbell owns have little if no equity.

As described above, the Debtor's residential property located at 1180 Gulf Boulevard, #1504, Clearwater, FL 33767 is owned jointly as tenancy by the entireties with his wife. The Debtor believes the tax assessed value of this property is approximately $401,594.

The Debtor and his wife also jointly own as tenancy by the entirety property located at 9000 Page Avenue, Jackson, MI 49201. The Debtor believes the tax assessed value of this property is approximately $161,238.

The Debtor and his wife also jointly own as tenancy by the entirety property located at 1677 and 1740 Hayball Road in Jackson, MI. The Debtor believes the tax assessed value of these properties is approximately $161,238 and $127,469, respectively. The Debtor and his wife also jointly own as tenancy by the entirety property an additional 2.13 acres which has an approximate tax assessed value of $7,398.

Further, the Debtor and his wife also jointly own as tenancy by the entirety a condominium located at 202 Windward Passage, Unite 508, Clearwater, Florida. The Debtor believes the tax assessed value of this property is approximately $407,713.

### b. **Non-Readily Marketable Investments**

The Debtor and his wife jointly own as tenancy by the entirety the following non-readily marketable investments which the Debtor believes do not have any current market value:

| | | |
|---|---|---|
| JLLJ Corp. | 1.4% interest | 4,000 shares |
| Lansing Future Development LLC (River Grand Development LLC) | 0.03% interest | 326 units |
| Lansing Future Development II LLC | 0.67% interest | 3,000 units |
| JLLJ Development LLC | 0.89% interest | 4,000 units |

       Post It Stables, Inc.                                 37.98% interest        78,333 shares

The Debtor and his wife jointly own as tenancy by the entirety the following non-readily marketable investments:

       Donnelly Penman Financial Services Fund   $25,000 estimated value
                                                                   0.31% ownership interest

       HomeBancorp, Inc. Common Stock          7,218 shares
                                                                     ($72,000estimated value)

The Debtor individually owns a 0.03% interest (326 units/ estimated as having no value) in Lansing Future Development LLC.

    **c.**      **Options**

The Debtor holds 635,299 HomeBancorp, Inc. stock options subject to restrictions and 14,214 JLLJ Development LLC unit options.

    **d.**      **Life Insurance**

The Debtor owns a group term life insurance policy with no cash surrender value.

    **e.**      **Cash and Bank Accounts**

The Debtor and his wife jointly hold as tenancy by the entirety a bank account at American 1 Credit Union and Chase Bank. The total approximate value of these bank accounts on the date of filing was less than $5,000.

    **f.**      **Trust**

The Debtor is the settlor of The Jerry D. Campbell Charitable Remainder Unitrust.

    **g.**      **Retirement Accounts**

The Debtor owns a 401(k) with an approximate balance of $49,640 as of January 10, 2016.

    **h.**      **Pension Plan**

The Debtor holds a vested interest in a SERP in the approximate amount of $210,116.

### i.     Deferred Compensation Plan

The Debtor owns a deferred compensation plan with an approximate balance of 10,499 as of January 8, 2016.

### j.     Personal Property

The Debtor estimates that his personal property has a nominal value and/or is owned jointly with his wife as tenancy by the entirety.

### Number of Employees and Amount of Wages Owed as of Petition Date

The Debtor is an individual and, as of the Petition Date, did not have any employees or owe any wages.

### Status of Debtor's Payroll Tax and Sales Tax Obligations

As stated above, as of the Petition Date, the Debtor did not have any employees or owe any payroll taxes. The Debtor did not have any sales tax obligations as of the Petition Date.

### Anticipated Emergency Relief within 14 Days of Petition

None.

WHEREFORE, the Debtor respectfully submits this Chapter 11 Case Management Summary.

Dated this 21st day of January, 2016.

                IURILLO LAW GROUP, P.A.

                /s/ Camille J. Iurillo
                CAMILLE J. IURILLO, ESQUIRE
                Fla. Bar No. 902225
                ciurillo@iurillolaw.com
                IURILLO LAW GROUP, P.A.
                5628 Central Avenue
                St. Petersburg, FL 33707

(727) 895-8050 telephone
(727) 895-8057 facsimile
Attorneys for Debtor

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this **Case Management Summary** has been furnished either electronically via the Court's CM/ECF system or by U.S. Mail to the **United States Trustee**, Timberlake Annex, 501 East Polk Street, Suite 1200, Tampa, FL 33602 on this 21st day of January, 2016.

/s/ Camille J. Iurillo
Camille J. Iurillo
Fla. Bar No. 902225